IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH POWE,**

        **Plaintiff,**

v.                                      Civil Action 2:20-cv-5491
                                           Judge Michael H. Watson
                                           Magistrate Judge Kimberly A. Jolson

**WARDEN, NOBLE CORRECTIONAL INSTITUTION, et al.**

        **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 7). The Undersigned **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND**

Plaintiff is a *pro se* prisoner incarcerated at the Noble Correctional Institution ("NCI") in Caldwell, Ohio. Attachments to the Complaint indicate that on October 22, 2018, Plaintiff was standing on a grassy area near a guard's shack at NCI conversing with other inmates. (Doc. 3, at PAGE ID # 36). When the conversation ended, Plaintiff turned to step onto a paved avenue and was struck in the back left side of his body by an ATV driven by Defendant, Correctional Officer Miller ("CO Miller"). (*Id.*). Plaintiff hit his head on the metal part of the ATV and was dragged a short distance. (*Id.*). While he was attempting to clean his head, CO Miller approached Plaintiff and asked him about his injuries. (*Id.*). Plaintiff immediately requested medical assistance because he was lightheaded and unsteady, but CO Miller took Plaintiff to the Captain's office to write an incident report instead. (*Id.*). The Captain determined that "there was no injuries, [and] his medical determination was that no further inquiry was necessary." (Doc. 3, at PAGE ID # 37).

Eventually, Plaintiff was allowed to see medical staff, and the doctor on duty performed a quick medical check, allegedly only "by eye contact." (Doc. 3, at PAGE ID # 36). Although Plaintiff continued to experience pain and discomfort, including headaches, dizziness, and constant ringing in his left ear, he was not provided medical care until the following morning, when he was allowed to return to Inmate Health Services ("IHS"). (*Id.*). At IHS, Nurse Practitioner Brandfass ("NP Brandfass") examined Plaintiff's ear and diagnosed a possible ruptured tympanic membrane. (*Id.*). Plaintiff was offered ibuprofen for a possible concussion. (*Id.*). Plaintiff's knee, hip, and back were also swollen and painful. (*Id.*). Plaintiff was scheduled to see a doctor eight days later. (*Id.*). In the interim, he continued to experience pain and ringing in his ear. (*Id.*). His injuries continue to cause him pain. (Doc. 3, at PAGE ID # 34).

On October 19, 2020, Plaintiff initiated this § 1983 action alleging that the Defendants, CO Miller and the Warden of NCI, James Forshey ("Warden Forshey"), were deliberately indifferent to his medical needs and that he received inadequate medical care. (*See generally* Doc. 1). Plaintiff does not explicitly indicate whether he names the Defendants in their individual or official capacities. Nevertheless, he seeks a total of $100,000, which includes an award of $75,000 for future medical costs. (Doc. 3, at PAGE ID # 35). He also seeks prospective injunctive relief in the form of an order requiring that he be provided adequate medical care during the remainder of his incarceration at NCI. (*Id.*). Accordingly, the Undersigned construes the Complaint as alleging claims for money damages against both Defendants in their individual capacities and alleging claims for prospective injunctive relief against both Defendants in their official capacities.

On January 11, 2021, Defendants moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7).

**II.     STANDARD OF REVIEW**

Rule 12(b)(6) requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Id.* at 57.  "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x. 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations).  In other words, although "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III.    DISCUSSION**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Burley v. Gagacki,* 729 F.3d 610, 619 (6th Cir. 2013).  In their motion to dismiss, Defendants do not contest that they were acting under color of state law.  (*See generally* Doc. 7).  Instead, they maintain that

3

Plaintiff was not deprived of any constitutional right and they raise the defense of qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*  Courts use a two-prong test to resolve claims of qualified immunity.  *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (citing *Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 496 (6th Cir. 2012)).  First, a Court must determine if "the facts alleged make out a violation of a constitutional right." *Id.*  Second, a Court must determine whether "the right at issue was 'clearly established' when the event occurred such that a reasonable officer would have known that his conduct" constituted a constitutional violation. *Id.*  Courts have discretion, however, in deciding which of the two prongs to address first. *Stoudeire v. Mich. Dept. of Corr*. 705 F.3d 560, 567–68 (6th Cir. 2013).

### A. Pleading a Constitutional Violation

Defendants contend that Plaintiff has failed to state a deliberate indifference claim and raised the defense of qualified immunity.  (*See generally* Doc. 7).  The first prong of the qualified immunity test requires the Court to determine whether Plaintiff has stated a deliberate indifference claim.  Therefore, the analysis is coextensive in this case.

The Eighth Amendment prohibits prison officials from "'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious

4

medical needs." *Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). To state a claim for deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective component. *Id*. (citing *Farmer v. Brennan,* 511 U.S. 825, 834, (1994)).

To satisfy the objective component, Plaintiff must show the existence of a sufficiently serious medical need, meaning he is "incarcerated under conditions posing a substantial risk of serious harm." *Id*. (citing *Farmer*, 511 U.S. 834; *Estelle*, 429 U.S. at 104; *Brown*, 207 F.3d at 867). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore*, 390 F.3d at 897). The Sixth Circuit Court of Appeals has explained that where a plaintiff's claims arise from an injury so obvious that even a layperson would easily recognize the necessity for a doctor's attention,' . . . it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Blackmore,* 390 F.3d 899–900.

To satisfy the subjective component, Plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). Although the subjective standard "is meant to prevent the constitutionalization of medical malpractice claims," a plaintiff need not show that an officer acted with the specific intent to cause harm. *Id.* Instead, the Sixth Circuit has held that "'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Id.* (quoting *Farmer*, 511 U.S. at

5

836). Because government officials generally do not concede this subjective component, "it [is] permissible for reviewing courts to infer from circumstantial evidence that a prison official had the requisite knowledge." *Id.*

In this case, Plaintiff has sufficiently alleged the objective element. Plaintiff alleges that he was struck and knocked over by an ATV, he hit his head on the ATV while falling, and he was dragged for a short distance. (*See* Doc. 3, at PAGE ID # 36). A layperson would easily recognize that sustaining a head blow after being struck and knocked over by a moving vehicle would necessitate a doctor's care.

Plaintiff has also sufficiently alleged the subjective element as to CO Miller. Plaintiff alleges that CO Miller was driving the ATV that struck him. (*Id.*). Plaintiff further alleges that he asked CO Miller for medical assistance, but that CO Miller did not immediately secure such aid. (*Id.*). Instead, Plaintiff alleges, CO Miller took him to the Captain's office and had him complete an incident report. (*Id.*). Indeed, Plaintiff alleges that he was only eventually allowed to see medical staff. (*Id.*). And the attachments to the Complaint appear to reflect that Plaintiff was not physically examined until he was seen the following day by NP Brandfass. These contentions sufficiently allege that CO Miller acted with the requisite deliberate indifference, which can be manifested when a prison official denies or delays access to medical treatment. *Estelle*, 429 U.S. at 104–05. Therefore, Plaintiff has alleged an Eighth Amendment claim against CO Miller in his personal capacity.

Plaintiff has not alleged, however, the subjective component as to Warden Forshey. The Sixth Circuit has explained that "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn by Parks v. Madison Cnty. Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994). Here, Warden

6

Forshey asserts, and the Undersigned agrees, that nothing in the Complaint or the attachments to it indicate that he was aware of Plaintiff's medical needs but turned a blind eye to them. In his Response to the Motion to Dismiss, Plaintiff appears to contend that he has stated a claim against Warden Forshey because Warden Forshey has continued "his predecessor's original supervisory negligence." (Doc. 9, at PAGE ID # 60). Nevertheless, a public official cannot be held liable for the unconstitutional misconduct of his subordinates under a theory of respondeat superior liability. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, "[a]t a minimum . . . plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Id*. (quoting *Bellamy*, 729 F.2d at 421). The Complaint and its attachments contain no such allegations about Warden Forshey. Consequently, Plaintiff has failed to state an Eighth Amendment claim against Warden Forshey in his personal capacity.

### B. Clearly Established Right

Turning to the second prong of Defendants' qualified immunity claim, the Undersigned finds that Plaintiff has alleged a violation of a clearly established right. It is well settled that a lack of proper medical treatment can constitute an Eighth Amendment violation. *Estelle*, 429 U.S. at 104 ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Blackmore*, 390 F.3d at (explaining that the Eighth Amendment forbids deliberate indifference towards an inmate's serious medical needs); *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (Eighth Amendment jurisprudence clearly establishes that deliberate indifference to serious medical needs of prisoners violates the constitution).

\* \* \*

Because Plaintiff has alleged that CO Miller violated a clearly established constitutional right, he is not entitled to qualified immunity from Plaintiff's claims against him in his personal capacity for money damages. On the other hand, Plaintiff has failed to allege that Warden Forshey violated a clearly established constitutional right, and thus, he is entitled to qualified immunity from Plaintiff's claims against him in his personal capacity for money damages.

Notably, while Plaintiff states that he has sufficiently alleged constitutional violations against members of the prison medical staff (Doc. 9, PAGE ID # 59), none of those mentioned individuals has been named as a defendant in this case. (*See generally* Doc. 3).

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the

8

decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

**IT IS SO ORDERED.**


Date:  March 31, 2021                                                  /s/ Kimberly A. Jolson
                                                                                          KIMBERLY A. JOLSON
                                                                                          UNITED STATES MAGISTRATE JUDGE