IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH POWE,

      Plaintiff,

v.

      Civil Action 2:20-cv-5491
      Judge Michael H. Watson
      Magistrate Judge Kimberly A. Jolson

WARDEN, NOBLE CORRECTIONAL
INSTITUTION, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Correctional Officer Miller's Motions for Leave to File (Doc. 16) and for Extension of Time (Doc. 17). For the following reasons, Defendant's Motion for Leave to File (Doc. 16) is **GRANTED**, and Defendant's Motion for Extension of Time (Doc. 17) is **GRANTED in part and DENIED in part**. The dispositive motions deadline is extended until **September 8, 2021**.

**I.    BACKGROUND**

Plaintiff is a *pro se* prisoner incarcerated at the Noble Correctional Institution ("NCI") in Caldwell, Ohio. (Doc. 3). The allegations in the Complaint stem from an incident where Plaintiff was struck by an ATV driven by Defendant Correctional Officer Miller ("CO Miller"). (*See generally id.*). Plaintiff alleges that he received inadequate medical care for his injuries stemming from the incident and that Defendants, CO Miller and NCI Warden, James Forshey, were deliberately indifferent to his medical needs and that

On December 29, 2020, the Undersigned issued a Scheduling Order. (Doc. 6). Relevant here, the parties agreed that "[a]ny dispositive motion shall be filed by July 29, 2021." (*Id.*). Thereafter, Defendants moved to dismiss Plaintiff's Complaint. (Doc. 7). The Court adopted the

1

Undersigned's Report and Recommendation, granting in part Defendants' Motion and dismissing Plaintiff's Eighth Amendment claim against Defendant Forshey. (*See* Docs. 10, 12). CO Miller then filed his Answer. (Doc. 13). For the next several months the case progressed slowly. Then, on August 12, 2021, after the dispositive motion deadline passed without either party filing anything, CO Miller filed the instant Motions (Docs. 16, 17). Plaintiff responded to Defendant's Motion on August 25, 2021. (Doc. 19). Defendant's Motions are now ripe for review.

## II. DISCUSSION

Defendant requests the Court grant him leave to file a dispositive motion, *instanter*, and further requests forty-five (45) days to file that motion. (*See generally* Docs. 16, 17). As detailed above, the deadline for filing dispositive motions was July 29, 2021. (Doc. 6). Defendant represents he missed the deadline due to his counsel "being out on sick leave in combination with unanticipated attorney departures and limited support staff" in her office. (Doc. 16 at 3). Now, Defendant asks the Court to extend the deadline so he may file a motion for summary judgement. (*Id*. at 3–4). Plaintiff objects to any such extension, arguing he will be prejudiced if the Court grants Defendant's Motion. (Doc. 19).

At base, Defendant's Motions are requests for modification of the scheduling order. The appropriate standard for reviewing such motions is contained in Federal Rule of Civil Procedure 16(b)(4). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Kirby v. Diversified Fabrications, Inc.*, No. 1:08-CV-83, 2010 WL 11520004, * (E.D. Tenn. Mar. 26, 2010). The moving party must show "that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).

Defendant asserts good cause exists here as there is no bad faith or dilatory motive on his part. He represents he has complied with all deadlines up to this point and as soon as his counsel discovered the missed deadline, he notified the Court. (Doc. 16 at 4). Furthermore, he argues that extending the dispositive motions deadline "will allow for additional time for both parties to draft their respective motions[;] will [] provide th[e] [] Court with the opportunity . . . to decide this case without the need to proceed to trial[,] [and] would save precious time[,] resources and promote efficiency in the resolution of this case." (*Id*. at 3). In his one-page response, Plaintiff argues that any such extension would prejudice him given "mounting COVID-19 restrictions" at NCI. (Doc. 19 at 2).

The Court finds good cause exists here. First, this is not a case of dilatory motive or bad faith. *See e.g. Cooper v. Shelby Cty., Tenn.*, No. 07-2283-STA-CGC, 2010 WL 3211677 (W.D. Tenn. Aug. 10, 2010) (affirming the Magistrate Judge's refusal to extend the dispositive motions deadline, where the moving party requested an extension almost three months after the deadline had passed). Here, Plaintiff filed its motions to amend the dispositive motions deadline just thirteen days after the deadline passed. Furthermore, "[a]lthough this amendment will result in some delay, delay itself is not a valid reason for denying leave to amend where little prejudice is shown." *Grant v. Target Corp.*, 281 F.R.D. 299, 304 (S.D. Ohio 2012). Plaintiff does not meaningfully argue prejudice. (*See generally* Doc. 19). In fact, he is seemingly more concerned about his access to mail should NCI impose further COVID-19 restrictions during dispositive motion briefing. (*Id*. at 2). Rest assured, should such a situation arise, the Court will accommodate Plaintiff to ensure he is able to fully participate in briefing on any dispositive motion.

Accordingly, Defendant's Motion for Leave to File (Doc. 16) is **GRANTED**. However, the Court finds that Defendant's request for forty-five (45) days to file his dispositive motion is

excessive. Therefore, Defendant's Motion for Extension (Doc. 17) is **GRANTED in part and DENIED in part**. The dispositive motions deadline is extended until **September 8, 2021**.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File (Doc. 16) is **GRANTED**, and Defendant's Motion for Extension (Doc. 17) is **GRANTED in part and DENIED in part**. The dispositive motions deadline is extended until **September 8, 2021**.

IT IS SO ORDERED.

Date: September 1, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE